1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  ANN P. WATHEN, State Bar No. 189314
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5972
    Fax:  (415) 703-1234
8   Email:  Ann.Wathen@doj.ca.gov

9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TROY HAYLES,**<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**ROSANN CAMBLE, Warden,**<br><br>　　　　　　　　　Respondent. | C 06-6909 MJJ (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

　　　　Petitioner has opposed respondent's motion to dismiss his habeas corpus petition as untimely on the following grounds: (1) his November 7, 2005, state habeas petition was properly filed, statutorily tolling the statute of limitations during the pendency of that petition; and (2) due to his mental condition, he is entitled to equitable tolling.  For the reasons discussed below, petitioner did not properly file his habeas petition with the state supreme court on November 7, 2005, and he is not entitled to equitable tolling due to his mental condition.  Consequently, his petition for writ of habeas corpus is untimely and should be dismissed with prejudice.

/ / /

/ / /

**ARGUMENT**

**PETITIONER HAS FAILED TO SHOW THAT HIS PETITION WAS TIMELY FILED**

The petition should be dismissed as untimely because, as explained in the motion to dismiss, petitioner did not file his federal habeas petition until November 6, 2006, two years and four months after the expiration of the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Contrary to his claim, petitioner is not entitled to statutory tolling for the final state habeas petition which he filed in the California State Supreme on November 7, 2005. Exh. 15. Where a state court's order clearly rules that the petitioner's "delay was 'unreasonable,' that . . . [is] the end of the matter." *Carey v. Saffold,* 536 U.S. 214, 225-27 (2002); *Pace v. Diguglielmo,* 644 U.S. 408, 414 (2005). Such an untimely petition is not "properly filed" for purposes of § 2244(d)(2). *See Pace v. Diguglielmo,* 544 US. at 417 ("Because the state court rejected petitioner's [] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); *Culver v. Director of Corrections,* 450 F.Supp.2d 1135, 1140 (C.D.Cal. 2006) (an "untimely petition is not considered to be 'properly filed' for purposes of § 2244(d)(2)"), *citing Saffold,* 536 U.S. at 226, and *Pace v. Diguglielmo,* 544 US. at 414.

Here, the California State Supreme Court denied petitioner's state petition for writ of habeas corpus, citing *In re Clark* (1993) 5 Cal.4th 750. By so citing, the California Supreme Court denied petitioner's final state habeas petition based on its untimeliness. *Vasquez v. Pliler*, 220 Fed. Appx. 598, 600 (9th Cir. 2007); *see Calderon v. United States,* 96 F.3d 1126, 1129 (9th Cir. 1996) (noting that the state supreme court had denied the state petition as untimely by citing *In re Clark* (1993) 5 Cal.4th 750). Consequently, petitioner's final state habeas petition was not "properly filed," and thus, petitioner was not entitled to statutory tolling during the pendency of that state petition. *Pace v. Diguglielmo,* 544 US. at 414; *Saffold,* 536 U.S. at 226; *Vasquez v. Pliler*, 220 Fed. Appx. at 600.

Petitioner is also not entitled to equitable tolling. Equitable tolling is only appropriate when extraordinary circumstances beyond the control of the petitioner prevents him from complying

1  with the statutory time limit. *Fail v. Hubbard,* 315 F.3d 1059, 1061-62 (9th Cir. 2002). A
2  "petitioner's lack of diligence precludes equity's operation." *Pace v. DiGuglielmo*, 544 U.S. at 419.
3  Petitioner bears the burden of establishing that he is entitled to equitable tolling. *Raspberry v.*
4  *Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.
5  2002).

6  Here, petitioner has failed to meet his burden. Although petitioner requests equitable
7  tolling based upon his mental condition, this does not present a per se basis for granting equitable
8  tolling. Petitioner must show that his mental disability affected his ability to timely file his petition.
9  *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir. 2001); *Boos v. Runyon,* 201 F.3d 178, 184-85 (2d Cir.
10 2000). Thus, there must be a causal connection established between the petitioner's mental
11 disability and his inability to file his petition in a timely manner. *See Spitsyn v. Moore,* 345 F.3d
12 796, 799 (9th Cir. 2003) (extraordinary circumstances must have "proximately caused" late filing);
13 *see also Rosati v. Kernan,* 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) (petitioner failed to establish
14 causal connection between his late filing and his limited library access and the lock down). Federal
15 courts generally will apply equitable tolling based upon a petitioner's mental condition only in
16 profound cases of mental incapacity. *See Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138
17 (9th Cir. 1998) (equitable tolling due to a mental condition is appropriate "only in exceptional
18 circumstances, such as institutionalization or adjudged mental incompetence").

19 Here, there is no evidence that petitioner's mental condition affected his ability to timely
20 file his federal petition. The medical records do not support his claim that because he suffered from
21 a mental condition he should be granted equitable tolling. The early medical records, dated
22 September 24, 2002, December 6, 2002, and January 14, 2003, are irrelevant to the issue. Those
23 records reflect petitioner's mental state prior to the state court of appeal deciding his direct appeal,
24 Exh. 4, and long before petitioner filed his first state habeas petition. Exh. 7. Even assuming,
25 arguendo, that they have some relevance, those medical records are not helpful to petitioner's claim.
26 Although there is evidence that petitioner was put on suicide watch in September 2002, Exh. 15,
27 shortly thereafter, petitioner had "no mental health concerns," indicating that any mental health issue
28 was brief. Opposition Exh. A at 15; *see Fisher v. Johnson,* 174 F.3d 710, 715-16 (5th Cir. 1999)

(the brief period of mental incapacity while the one-year statute of limitations was running did not warrant equitable tolling where the petitioner had more than ample time to complete his federal habeas petition after his release from the psychiatric ward).

Significantly, there are no medical records evidencing petitioner's mental state at the time he filed his first and second state habeas petitions. *See* Exhs. 7 (petitioner's first state habeas corpus petition filed December 4, 2003), 9 (petitioner's second state habeas corpus petition filed June 10, 2004). Also, in neither petition did petitioner mention any mental health problems. Exhs. 7, 9. To the contrary, petitioner stated that the reason for his delay in filing his second petition was simply that he had needed additional time to research the grounds for his claims. Exh. 9. Thus, it is inferrable from petitioner's own statements, as well as the absence of medical records at that time, that petitioner was not mentally incapacitated during that time period.

Petitioner claims that by the time he filed his third state habeas petition to the state supreme court on August 13, 2004, he was mentally impaired. Opposition at 3. Petitioner, however, has failed to show that this brief mental impairment caused him to file an untimely federal petition. Again, petitioner did not raise the issue of his mental condition in the third petition and stated that he delayed in filing the petition because he had needed additional time to "research claimed grounds." Exh. 11. Further, although there are indications in the August 2004 medical records that petitioner was depressed, concerned about his father's heart condition, had trouble concentrating, and felt the need for medication, there was no evidence that petitioner's condition constituted a case of "profound mental incapacity." *See United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2003) (indicating that federal courts generally will apply equitable tolling based upon a petitioner's mental condition "only in cases of profound mental incapacity"). Petitioner was not having any delusions, hallucinations, suicidal thoughts, or suffering from psychosis or impaired cognitive abilities. Opposition Exh. A at 13, 16. Indeed, by September 16, 2004, petitioner's mental condition was improved in that he was more energetic, interested in writing and talking, and was sleeping normally. Opposition Exh. A at 18. Although petitioner continued to be depressed and anxious, the September 24, 2004 record reflects that petitioner was in fact "alert," "oriented," and had "good speech" with no apparent psychosis. Exh. 15; Opposition Exh. A at 18.

1   Furthermore, although petitioner experienced some mental ups and downs between late
2 October 2004 and late March 2005, it is clear from the records that petitioner's condition improved
3 shortly thereafter. By June 4, 2005, petitioner was speaking normally, compliant, alert, oriented,
4 and reading books about coping strategies. Opposition Exh. A at 1.
5   Moreover, between June 2005 and November 2005, there were no indications that
6 petitioner was having any mental difficulties and, significantly, he successfully filed two more state
7 habeas petitions on his behalf on September 29, 2005 and November 7, 2005. Exhs. 13, 15. These
8 two petitions, along with the other three petitions which petitioner filed in the state courts,
9 undermine his claim of mental incompetence. The petitions were extensive, detailed, coherent, and
10 made relevant references to the record and the law, indicating that petitioner's mental condition had
11 absolutely no impact on his ability to research and apply the law to the facts of his case. Exhs. 7,
12 9, 11, 13, 15. Although petitioner contends that the petitions are not evidence of his mental capacity
13 because he received legal assistance from another inmate in preparing them, petitioner admittedly
14 received only "limited" assistance, making it clear that he had input into their contents. Thus,
15 petitioner's claim that he is entitled to equitable tolling should be rejected.
16 ///
17 ///
18 ///

Reply to Opposition to Motion to Dismiss - *Hayles v. Camble* - C 06-6909 MJJ (PR)

**CONCLUSION**

For the reasons set forth above and in our motion to dismiss, respondent respectfully requests that the petition be dismissed.

Dated: August 16, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ Ann P. Wathen
ANN P. WATHEN
Deputy Attorney General

Attorneys for Respondent

20100874.wpd
SF2007400171

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Hayles v. Camble, Warden**

No.:    **C 06-6909 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On August 17, 2007, I served the attached

**REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Troy Hayles
Mule Creek State Prison
E-16711
P.O. Box 409020
Ione, CA 95640

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 17, 2007, at San Francisco, California.

|                    |                    |
|--------------------|--------------------|
| M. Argarin         | /s/ M. Argarin     |
| Declarant          | Signature          |

20100878.wpd