**FILED**

MAR 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY HAYLES, | No. C06-06909 MJJ |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| ROSANN CAMBLE, | **(Docket Nos. 9 & 14)** |
| Respondent. | |

**INTRODUCTION**

Troy Hayles ("Petitioner") is a California prisoner who filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Before the Court is Respondent Warden Rosann Camble's ("Respondent") Motion to Dismiss Petition as Untimely ("Mot. to Dismiss"). Petitioner timely filed an Opposition to the Motion to Dismiss, ("Opp.") and Respondent filed a Reply ("Reply").

For the following reasons, the Court **DENIES** Respondent's Motion to Dismiss.

**FACTUAL BACKGROUND**

On August 2, 2000 Petitioner was convicted by a jury in San Francisco County Superior Court on one charge of receiving stolen property. (*See* Mot. to Dismiss, Ex. 1.) He was sentenced to 25 years to life in state prison under California's Three Strikes Law. (*See id.* at 2, Ex.3.) Petitioner appealed his conviction in state courts, and his petition for direct review was denied by the California Supreme Court on April 9, 2003. (*See id.* Ex. 6.)

United States District Court
For the Northern District of California

1   Petitioner subsequently filed five petitions for collateral review in state court before filing, on

2   October 19, 2006, a habeas Petition with this Court.[1] (*See id.* at 2.)

3       The relevant dates of Petitioner's five state habeas corpus petitions are as follows:

4       Petitioner filed a Petition for Writ of Habeas Corpus in San Francisco County

5   Superior Court December 15, 2003. (*See id.* Ex. 7.) The Superior Court denied that petition

6   on January 23, 2004. (*See id.* Ex. 8.)

7       Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal

8   on June 7, 2004. (*See id.* Ex. 9.) The Court of Appeal denied that petition summarily

9   without citation on June 17, 2004. (*See id.* Ex.10.)

10      Petitioner filed a Petition for Writ of Habeas Corpus in California Supreme Court on

11  August 8, 2004. (*See id.* Ex. 11.) The California Supreme Court denied that petition

12  summarily without citation on June 29, 2005. (*See id.* Ex. 12.)

13      Petitioner began a second round of petitions in state court by filing a Motion to Vacate

14  Judgment in the California Court of Appeal on September 27, 2005. (*See id.* Ex. 13.) The

15  Court of Appeal denied that petition summarily without citation on October 6, 2005. (*See id.*

16  Ex. 14.)

17      Petitioner filed his final state Petition for Writ of Habeas Corpus in the California

18  Supreme Court on November 4, 2005. (*See id.* Ex. 15.) The California Supreme Court

19  summarily denied that petition, citing to *In re Clark*, 5 Cal. 4th 750 (1993), on August 16,

20  2006. (*See id.* Ex. 16.)

21                          **DISCUSSION**

22      Respondent contends the habeas corpus Petition before this Court is barred by a one

23  year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996,

24  28 U.S.C. § 2244(d) ("AEDPA"). (*Id.* at 3.) Section 2244 governs whether a federal habeas

25

26      [1]Pro se federal and state habeas petitions are subject to the "mailbox rule" set forth in *Houston
    v. Lack*, 487 U.S. 266, 276 (1988), under which the petition is deemed filed on the date it is delivered
27  to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated
    and remanded on other grounds, Carey v. Saffold*, 536 U.S. 214 (2002). The Court assumes for
28  purposes of this Order that the federal and state petitions were delivered to prison authorities on the
    signature date.

1   petition is timely.  Pursuant to section 2244, petitions for habeas relief filed by state prisoners
2   must be filed within one year of the date on which the judgment became final.  *See* 28 U.S.C.
3   § 2244(d)(1)(A).

4       Petitioner had 90 days to appeal to the United States Supreme Court after the
5   California Supreme Court denied direct review on April 9, 2003. U.S. Sup. Ct. Rule 13.1.
6   Therefore, the judgment against petitioner became "final" under section 2244(d)(1)(A) on
7   July 8, 2003, the date on which the time to seek review expired. *See Smith v. Duncan*, 297
8   F.3d 809, 812–13 (9th Cir. 2002) (holding that a judgment is "final," and the AEDPA time
9   limit begins to run, when the time window for appealing a judgment expires).  The
10  limitations period expired one year later, on July 8, 2004.

11      Petitioner filed the instant Petition on October 19, 2006, approximately 27 months
12  after the limitations period expired.  Thus, absent tolling, the Petition falls outside AEDPA's
13  time limit.  Petitioner, however, contends that his Petition is timely due to both statutory and
14  equitable tolling. (*See* Opp. at 3.) The Court finds the Petition timely due to statutory
15  tolling, and therefore does not reach Petitioner's equitable tolling argument.

16  **I.     Statutory Tolling**

17      AEDPA's one year statute of limitations is tolled while a "properly filed" petition for
18  post-conviction or collateral review is pending in state courts.  28 U.S.C. § 2244(d)(2). In
19  addition to the time when a petition is pending with the court, the tolling extends to the time
20  between subsequent petitions in state court, so long as there is no "unreasonable delay" in
21  filing the petition.  *Carey v. Saffold*, 536 U.S. 214, 219-23 (2002); *accord Nino v. Galaza*,
22  183 F.3d 1003, 1006 (9th Cir. 1999). An unreasonable delay between petitions can cause the
23  petition to be untimely, and not tolling, even when the state court denies a petition on the
24  merits. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006).  Moreover, if there is any gap
25  between the completion of one round of review and the commencement of another round of
26  state habeas review, the petitioner is not entitled to tolling during the gap. *See Delhomme v.*
27  *Ramirez*, 340 F.3d 817, 821 (9th Cir. 2003).

28      The Court addresses in turn whether each of Petitioner's state petitions, and the time

*United States District Court*
For the Northern District of California

3

1 gaps between the petitions, toll the limitations period.

2     **A.**    **The limitations period was running before Petitioner's first state habeas**

3             **petition, but not once the petition was filed.**

4     Petitioner's first state habeas petition was filed in the superior court on December 15,

5 2003, 159 days after the limitations period had started on July 8, 2003. These 159 days count

6 towards AEDPA's one year time period. *See* 28 U.S.C. § 2244(d)(1)(A).

7     Once the first state habeas petition was filed, the parties do not dispute that the

8 limitations period was tolled while that petition was pending in the superior court, between

9 December 15, 2003 and January 23, 2004. *See* 28 U.S.C. § 2244(d)(2) (tolling while a

10 petition is properly filed).

11     **B.**    **The limitations period was tolled prior to and during Petitioner's second**

12             **state habeas corpus petition, in the California Court of Appeal.**

13     Following the denial of the first state habeas petition by the superior court on January

14 23, 2004, 135 days elapsed before Petitioner filed his next state habeas petition in the

15 California Court of Appeal on June 7, 2004. Respondent contends tolling is unavailable

16 during this period because the four and one half month delay before filing with the appellate

17 court is unreasonable. (Mot. to Dismiss at 4.) Petitioner contends that it would be "grossly

18 unfair" to hold him to these time limits as they are markedly shorter than Ninth Circuit

19 authority at the time of Petitioner's habeas petition in question. (Opp. at 3.)

20     Gaps between properly filed state petitions are tolled. *See Carey*, 536 U.S. at 219–21.

21 California has no set time period within which petitioners must file habeas petitions, however

22 the Ninth Circuit has found long gaps to be untimely and not eligible for tolling under section

23 2244(d)(2). *See Gatson v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (no tolling during

24 ten and eighteen months delays); *see also Evans*, 546 U.S. at 201 (no tolling during

25 unexplained six month delay). However in *Carey*, the Supreme Court found a four and one

26 half month gap was potentially reasonable, where the decision reached the merits. *Carey*,

27 536 U.S. at 226. On remand, the Ninth Circuit found the four and one half month gap to be

28 reasonable and therefore found the limitations period tolled during that time. *See Saffold v.*

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1 *Carey*, 312 F.3d 1031 (9th Cir. 2002), *cert denied,* 539 U.S. 927 (2003), *overruled on other*

2 *grounds*, *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).

3      In the present case, the California Court of Appeal denied the petition without citation

4 to authority. (Mot. to Dismiss, Ex. 10.) Although a denial without citation constitutes a

5 denial on the merits, see *Hunter v. Aispuro*, 982 F.2d 344, 347–48 (9th Cir. 1992), that is no

6 longer relevant to the issue of untimeliness. *See Evans*, 546 U.S. at 197 (requiring courts to

7 assess timeliness apart from whether the decision was on the merits). Nonetheless, the four

8 and one half month delay here is shorter than the delays held unreasonable in *Gatson*, 447

9 F.3d at 1167 (ten and eighteen months) and *Evans*, 546 U.S. at 201 (six months). Moreover,

10 in *Carey*, the Ninth Circuit found a similar four and one half month gap to be reasonable.

11 *See Carey*, 312 F.3d at 1035. Consequently, the Court finds Petitioner is entitled to tolling

12 during the 135 day gap between Petitioner's first and second state habeas petitions. *See*

13 *Carey*, 536 U.S. at 219–23 (allowing tolling during reasonable gaps between petitions).

14 Additionally, because the second state petition was not unreasonably delayed, the time during

15 which petition was pending with the state appellate court is also tolled. *See* 28 U.S.C. §

16 2244(d)(2) (tolling time while a petition is properly filed).

17      **C.**     **The limitations period is tolled prior to and during Petitioner's third state**

18                **petition, in California Supreme Court.**

19      The parties do not dispute that the limitations period was tolled during the 56 day gap

20 between the state appellate court's denial on June 17, 2004, and the subsequent petition to the

21 state supreme court, on August 13, 2004. *See Carey*, 536 U.S. at 219–23 (tolling during

22 reasonable gaps between petitions). Accordingly the time during which the petition was

23 pending with the state supreme court is also tolled. *See* 28 U.S.C. § 2244(d)(2) (tolling time

24 while a petition is properly filed).

25      **D.**     **Limitations period was running between Petitioner's two rounds of state**

26                **collateral review, but is tolled once Petitioner filed the petition**

27                **(Petitioner's fourth state petition overall).**

28      After petitioner's third state habeas petition, to the state supreme court, was denied on

United States District Court
For the Northern District of California

1  June 29, 2005, he began a second round of state court collateral review by filing a petition

2  with the California Court of Appeal 90 days later, on September 27, 2005. Respondent

3  asserts that the 90 day gap between these two state petitions is not eligible for tolling.[2]  (Mot.

4  to Dismiss at 4–5.)  There is no tolling under section 2244(d)(2) during time between the

5  completion of one round of state review and the commencement of another. *See Delhomme*,

6  340 F.3d at 821 (no tolling between subsequent rounds of state review); *see also Biggs v.*

7  *Duncan*, 339 F.3d 1045, 1046–47 (9th Cir. 2003).  The limitations period therefore ran

8  during these 90 days.

9      Counting this 90 day time period and the 159 days that elapsed prior to Petitioner's

10  first petition, 249 days of the one year statute of limitations period had elapsed when

11  Petitioner filed his fourth state petition for collateral review on September 27, 2005.

12      The parties do not dispute that the limitations period was then tolled while this fourth

13  state petition was pending in the California Court of Appeal between September 27, 2005

14  and October 6, 2005.  *See* 28 U.S.C. § 2244(d)(2) (tolling time while a petition is properly

15  filed).

16      **E.      The limitations period is tolled prior to and during Petitioner's fifth and**

17              **final state habeas petition in California Supreme Court.**

18      Respondent argues that Petitioner's final habeas petition, submitted in California

19  Supreme Court on November 4, 2005, was denied as untimely and therefore does not toll the

20  statute of limitations, either before the petition was filed or while it was pending. (Mot. to

21  Dismiss at 5; Reply at 2.)  Petitioner contends that the petition was properly filed and that the

22  California Supreme Court's denial was on the merits, not for untimeliness. (Opp. at 3.)  The

23  Court finds that the state petition was "properly filed" for the purpose of 28 U.S.C. §

24  2244(d)(2), and therefore tolls the limitations period both for the 28 day gap before it was

25  filed, as well as during the time that petition was pending in the California Supreme Court.

26  ///

27

28      [2]Petitioner has not directly addressed the statutory tolling of this time period. (*See generally*
    Opp.)

6

1

2

3

**1.    According to Supreme Court and Ninth Circuit precedent, state petitions denied due to procedural bars are "properly filed," but petitions denied as untimely are not.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

In order to toll AEDPA's statute of limitations, a state petition must be "properly filed." 28 U.S.C. § 2244(d)(2). Generally, courts consider a state petition to be "properly filed" even if it was denied due to a procedural bar. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). Procedural bars, such as including an unauthorized claim, are "condition[s] to obtaining relief," and an application with claims subject to these bars is still "properly filed." *Id.* at 11. However, a time limit is a "condition to filing," and a petition that is filed after the relevant time limit for filing has expired is not "properly filed" under section 2244(d)(2). *Id.* at 8, 11. A time limit with exceptions, such that a court may have to look at the claims to see if an exception is met, is nonetheless a time limit, and its violation prevents a petition from being "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). The Ninth Circuit has applied the above precedent to California law, finding that a state petition that was both procedurally barred and untimely was not "properly filed" and did not toll the limitations period under section 2244(d)(2). *See Bonner*; 425 F.3d at 1146; *see also Pace*, 544 U.S. at 413.

18

19

20

21

22

23

24

25

In *Artuz* the Supreme Court affirmed the Second Circuit's decision that a habeas petition was "properly filed," even though the petitioner's second round of state habeas review was subject to procedural bars. *Id.* at 7. The two procedural bars in question were (1) "raising an issue that had been 'previously determined on the merits . . ." and (2) "raising a claim that was available on direct appeal but was [unjustifiably] not raised . . . ." *Id.* The Court found those bars to be "condition[s] to obtaining relief," distinct from a time limit, which is a "condition to filing." *Id.* at 8–11. A key consideration for the Court was whether the *application* itself was improperly filed, or whether the *claims* therein were simply

26

27

28

7

improper.[3] *Id.* at 9. The Court compared the language of 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed") with that of § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed . . . the applicant shall move . . . for an order . . . authorizing . . . the application."). *Artuz*, 531 U.S. at 9. Ultimately the Court concluded that the determination of whether an application could be filed, and whether its claims were subject to dismissal, were two different issues, and only the former prevented a habeas petition from being "properly filed." *Id.* at 10–11.

*Pace*, relied on by Respondent, addressed the grey area between conditions to filing and conditions to obtaining relief. *Pace*, 544 U.S. at 413. The Court found that a time bar with exceptions constitutes a "condition to filing," even though a court may have to look at the claims in order to see if the exception was met, or if the petition was untimely. *Id.* at 417. In *Pace,* the Court found a state habeas petition untimely, and therefore not "properly filed" and not able to revive AEDPA's statute of limitations, because it was filed four years after a first round of state habeas petitions. *Id.* at 412-413. In that case, the petitioner had "'neither alleged nor proven' that he fell within any statutory exception . . . ." *Id.* at 411. The Supreme Court's *Pace* decision noted that initially the state court found petitioner's claims meritless because they had been previously considered, but ultimately based its decision on the fact that they were untimely. *Id.* The Court noted a policy rationale for its decision: if untimely state petitions could toll AEDPA's statute of limitations, a prisoner could toll the time limit at will by simply filing a late state petition. *Id.* at 413.

Relying on *Pace*, the Ninth Circuit addressed California's habeas petition time limits, and concluded that a petition filed four years late is untimely and therefore not properly filed when petitioner "could have raised the petition's claims in an earlier petition, and there '[wa]s no reason stated for any delay. . . .'" *Bonner*, 425 F.3d at 1146 (quoting a state court

---

[3]"By construing 'properly filed application' to mean 'application raising claims that are not mandatorily procedurally barred,' petitioner elides the difference between an 'application' and a 'claim.' Only individual *claims*, and not the application containing those claims, can be procedurally defaulted under state law . . . ." *Artuz*, 531 U.S. at 9 (emphasis in original).

United States District Court
For the Northern District of California

1  decision in that case). At first blush, this blurs the distinction between *Pace* and *Artuz*
2  because the Ninth Circuit's introductory language encompasses both procedural bars (claims
3  that could have been raised earlier) and time limits. *See id.* at 1146–47. However, the
4  *Bonner* decision ultimately focused on delay. *See id.* at 1148. ("Bonner had waited over four
5  years . . . . Thus Bonner had to establish good cause for his delay."). Finding that no
6  exception to the timeliness bar was met, the court held that the petitioner did not properly file
7  his petition. *Id.* at 1149.

> **2.  Petitioner's fifth and final state petition, to the California Supreme
> Court, was denied pursuant to a procedural bar, not as untimely,
> and therefore tolls the limitations period.**

11  On November 7, 2005, 28 days after the California Court of Appeal rejected
12  Petitioner's Motion to Vacate, he submitted his fifth and final state court habeas petition, in
13  California Supreme Court. (*See* Mot. to Dismiss, Ex. 15.) That petition remained with the
14  California Supreme Court for over nine months, until August 16, 2006, when the petition was
15  denied with only a citation to *In re Clark,* 5 Cal. 4th 750 (1993) and no further explanation.
16  (*See id.* Ex. 16.) Petitioner argues this amounts to a denial on the merits, and asserts that he
17  is entitled to statutory tolling, both while the petition was pending and for the 28 day gap
18  preceding its filing. (Opp. at 3.) Respondent argues that the citation to *In re Clark*
19  constitutes a denial as untimely, and asserts that tolling is therefore not available under *Pace*.
20  (*Id.* at 5.) The Court therefore addresses the implication of a denial that cites *In re Clark*, and
21  then applies the Supreme Court and Ninth Circuit precedent discussed above.

22  *In re Clark* addresses both time bars and procedural bars. *See In re Clark*, 5 Cal. 4th
23  at 767. In that case, the California Supreme Court clarified circumstances in which a
24  "successive *and/or* untimely" habeas petition will be denied. *Id.* at 797–98 (emphasis
25  added). There, a state habeas petition was filed almost a year after the judgment against the
26  petitioner. *Id.* at 760. Three months after that petition was denied, the petitioner initiated a
27  second round of state habeas review. *Id.* at 761. The state supreme court considered
28  petitioner's claims to be either restatements of claims already denied, or assertions of claims

1    that could and should have been raised earlier. *Id.* at 763.  The court concluded that it would

2    summarily deny successive and/or untimely petitions in all but four situations. *Id.* at 797.[4]

3    The court categorized the objections to that specific petitioner's claims as both procedural

4    and temporal: repeating claims already rejected, raising claims that should have been raised

5    earlier, and delaying his application unreasonably. *Id.* at 767, 774, 782.

6        Because the California Supreme Court summarily denied Petitioner's fifth state court

7    petition with only a citation to *In re Clark* and no further explanation or discussion, it is not

8    clear from the decision whether the denial was based on a procedural bar or untimeliness.

9    Under the circumstances surrounding the filing of the petition there is no basis for finding

10   that the denial was for untimeliness.  Petitioner only waited 28 days before filing the petition

11   in the state supreme court.[5]  The Court finds unpersuasive the Respondent's citation to

12   *Calderon v. United States*, 96 F.3d 1126, 1129 (9th Cir. 1996) for the proposition that the

13   California Supreme Court's citation to *In re Clark* necessarily indicates a finding of

14   untimeliness. (Reply at 2.)  Although *Calderon* addresses an untimely petition which was

15   denied by citation to *In re Clark*, *Calderon* does not hold or state that a citation to *In re Clark*

16   automatically indicates untimeliness. *Calderon*, 96 F.3d at 1129–30.  As the California

17   Supreme Court petition was filed within a reasonable period of time, 28 days, of the

18   California Court of Appeal's decision, the Court finds that the state supreme court denied the

19   petition because it was successive, and therefore procedurally barred under *In re Clark*, and

20   not because it was untimely.  As such, under *Artuz* the denial was based on a "condition to

21   obtaining relief," and the petition is considered "properly filed" for purposes of statutory

22   tolling under 28 U.S.C. § 2244(d)(2).[6]  *See Artuz* 531 U.S. at 11.

United States District Court
For the Northern District of California

---

24   [4]Those four exceptions are: (1) a fundamentally unfair error of constitutional magnitude, (2) actual innocence, (3)
25   the death penalty being unreasonably imposed in a grossly misleading manner, and (4) conviction under an invalid statute.
     *In re Clark*, 5 Cal. 4th at 797–98.

26   [5]Likewise, there is no contention that the 90 day gap before the second round of state petitions was unreasonable.
     (*See* Mot. to Dismiss at 5.)
27

28   [6]Petitioner claims a citation to *In re Clark* constitutes a denial on the merits, and thus the claims would not be
     procedurally barred from consideration in federal court. (Opp. at 3.)  That question, whether federal court may review the
     decision below, is distinct from and subsequent to the threshold matter now before the Court of whether the instant federal

1    *Pace's* policy rationale also does not apply to the present case, and illustrates the
2    difference between the two. *Pace* suggests that allowing untimely state petitions to toll
3    AEDPA's limitations period would allow a prisoner to "toll the statute of limitations at will .
4    . . ." *Id.* at 413. Yet the petition in the present case was submitted to the California Supreme
5    Court only 28 days after the appellate court petition in this case and does not approach the
6    concerns raised in *Pace*. *See id.* Moreover, Petitioner has consistently filed his state
7    petitions within reasonable time periods, and there is no indication that Petitioner filed those
8    petitions only to be eligible for federal habeas review.

9         For the foregoing reasons, the Court considers the state supreme court's denial of
10   Petitioners second habeas application to be based on the procedural bar of unjustifiably
11   raising new or previously denied claims. As such, under *Artuz*, the petition was "properly
12   filed," and tolls the limitations period both while the petition was pending in the California
13   Supreme Court and for the 28 day gap prior to its filing. *See* 28 U.S.C. § 2244(d)(2) (tolling
14   time while a petition is properly filed); *Carey*, 536 U.S. at 219–23 (tolling during reasonable
15   gaps between petitions).

16   **F.    The total time elapsed does not exceed AEDPA's one year statute of**
17   **limitations.**

18        After the California Supreme Court denied Petitioner's final state habeas petition on
19   August 16, 2006, 63 days elapsed before October 19, 2006, when Petitioner filed the federal
20   Petition presently before this Court. The limitations period ran during that time period,
21   resulting in a total of 312 days that had elapsed when Petitioner filed the instant Petition.
22   This includes the 159 day delay before filing a the first state petition, the 90 day delay
23   between rounds of state review, and the 63 days after the state supreme court denied that
24   petition and before the present Petition was filed with this Court. As this falls within the one
25   year limit allowed under AEDPA, the instant Petition is timely. *See* 28 U.S.C. § 2244.

26   **II.    Equitable Tolling**

27        In addition to statutory tolling, Petitioner asserts that his mental illness independently

28   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

petition is timely.

United States District Court
For the Northern District of California

1  tolls AEDPA's statute of limitations via equitable tolling. (*See* Opp. at 2.)  Petitioner
2  presents evidence purporting to show that he was institutionalized and "adjudged mentally
3  incompetent." (*See id.* at 2 and Exs. A–B.)  Because the Court finds the present Petition
4  timely based on statutory tolling, the Court does not reach Petitioner's equitable tolling
5  arguments.

## CONCLUSION

7      For the foregoing reasons, the Court **DENIES** Respondent's Motion to Dismiss.

8      Respondent shall file with the Court and serve on Petitioner, within 90 days of the
9  date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
10  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based
11  on Petitioner's cognizable claims.  Respondent shall file with the answer and serve on
12  petitioner a copy of all portions of the state trial record that have been transcribed previously
13  and that are relevant to a determination of the issues presented by the Petition.

14      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with
15  the Court and serving it on Respondent within 30 days of the date the answer is filed.

16      Petitioner's Motion to Amend the Petition (Docket No. 9) is **GRANTED**.

17      This Order terminates Docket Nos. 9 & 14.

19  **IT IS SO ORDERED.**

22  Dated: March 2 0 , 2008

                        MARTIN J. JENKINS
23                          
24                          UNITED STATES DISTRICT
25                          JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TROY HAYLES,

        Plaintiff,

v.

ROSANN CAMBLE et al,

        Defendant.
_____/

Case Number: CV06-06909 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Hayles
Mule Creek State Prison
Prisoner Id E-16711
P.O. Box 409020
Ione, CA 95640

Dated: March 20, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk